UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| K. P., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SANTA CLARA COUNTY OFFICE OF EDUCATION, et al.,<br><br>        Defendants. | Case No. 5:15-cv-01512-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' RETAINED EXPERTS**<br><br>Re: Dkt. No. 71 |

## I. INTRODUCTION

Plaintiffs Lisa Perrizo and Rano Perrizo, and their son, K.P. (collectively, "Plaintiffs"), allege in this action that K.P. was subjected to abusive treatment by his classroom teacher while a student at Taylor Elementary School in San Jose. In a Second Amended Complaint, they assert claims for violation of K.P.'s rights under the Constitution, the Americans with Disabilities Act, and the Rehabilitation Act, as well as related claims under California law, against the Santa Clara County Office of Education and individual defendants Nancy Guerrero, Carolina Lluria, David Driesbach and April Carlson. Dkt. No. 38.[1]

---

[1] The Santa Clara County Office of Education, Guerrero, Lluria and Driesbach are jointly represented and will be referred to collectively as "SCCOE." Although Carlson is represented by separate counsel, the court will refer to all named defendants, including Carlson when not mentioned separately, as "Defendants."

1
Case No.: 5:15-cv-01512-EJD
ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' RETAINED EXPERTS

Pursuant to the Pretrial Order filed on April 14, 2016, the court issued a scheduling order requiring that all parties designate and disclose opening experts by August 8, 2016, rebuttal experts by August 15, 2016, and complete expert discovery by September 20, 2016. Dkt. No. 47. These deadlines were later adjusted pursuant to a request of the parties, such that the deadline to exchange the identities of opening experts with reports was August 22, 2016, the deadline to disclose rebuttal experts with reports was August 29, 2016, and expert discovery was to be completed by October 4, 2016. Dkt. No. 62. This case was also scheduled to commence a jury trial on January 10, 2017. Dkt. No. 47.

Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1343. Presently before the court is an early motion in limine filed by Plaintiffs in which they request an order precluding Defendants from presenting certain expert testimony at trial. Dkt. No. 71. The court found it appropriate to resolve this issue sooner rather than later. Dkt. No. 73. All defendants filed written opposition to the motion.[2]

Having carefully considered the relevant record, the court finds merit to Plaintiffs' arguments. This motion will be granted for the reasons explained below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of the identity of expert witnesses expected to give evidence at trial. That rule also requires that such disclosure be accompanied by a written report from the expert absent a stipulation or court order providing otherwise. "A party must make these disclosures at the times and in the sequence that the court

---

[2] This motion was filed as a motion in limine, not a noticed motion under Civil Local Rule 7-3. Section III(D)(6) of the undersigned's Standing Order for Civil Cases does not permit the filing of a reply, and certainly does not permit the filing of supplemental declarations or responses to declarations. The parties nonetheless filed additional documents after the opposition was submitted. Dkt. Nos. 76, 78, 79. These unauthorized documents were filed without leave of court and are stricken, especially since both sides of this case in particular should be aware that compliance with standing orders is expected. See Ibrahim v. U.S. Dep't of Homeland Sec., Nos. 14-16161, 14-17272, 2016 U.S. App. LEXIS 16007, at *38, 2016 WL 4527560 (9th Cir. Aug. 30, 2016) ("District courts have the inherent power to strike items from their docket for litigation conduct.").

2
Case No.: 5:15-cv-01512-EJD
ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' RETAINED EXPERTS

orders." Fed. R. Civ. P. 26(a)(2)(D).

Parties who fail to comply with the mandate to disclose expert information become subject to a sanction under Federal Rule of Civil Procedure 37. Specifically, subsection (c)(1) of that Rule designates what may befall those who stray: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R&R Sails, Inc. v. Ins. Co. of the State of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).

The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). But "[a] court need not find bad faith before imposing sanctions for violations of Rule 37." Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 545 (N.D. Cal. 2009) (citing Yeti by Molly, 259 F.3d at 1106).

### III.   DISCUSSION

In their motion, Plaintiffs contend that Defendants failed to comply with the August 22nd deadline to disclose both the identity of their retained experts and those experts' written reports. Specifically, Plaintiffs explain the parties agreed that expert information would be simultaneously exchanged by email at 4:00 p.m. on August 22, 2016. Decl. of Ian Hansen, Dkt. No. 71, at Ex. 4. Plaintiffs represent they complied with this agreement by sending to Defendants an email which identified their six retained experts and provided a copy of their reports. Id. at Ex. 5. Defendants, however, submitted to Plaintiffs one email naming two experts with reports "to follow," and another email joining in that designation. Id. at Exs. 6-8. Plaintiffs inquired over the next three days when they could expect to receive the reports, but were not given a definite response. Id. at Exs. 9-17.

For their part, Defendants concede their August 22nd disclosure did not include reports

from either of their retained experts. By doing so, Defendants also concede a violation of Rule 26(a). Exclusion of their expert evidence is consequently "automatic and mandatory" unless they can show the violation was either justified or harmless. Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996); Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, (9th Cir. 2011) ("Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure."). The question therefore becomes whether or not Defendants have satisfied their burden.

The non-exclusive factors "that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)).

Defendants have not demonstrated that their lack of compliance was substantially justified. "'Substantial justification is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" Rodman v. Safeway, Inc., No. 11-cv-03003-JST, 2015 U.S. Dist. LEXIS 121535, at *6, 2015 WL 5315940 (N.D. Cal. Sept. 11, 2015) (quoting Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 682 (M.D. Fla. 2010)). Here, only Carlson argues this point by claiming she "reasonably believed" that any expert retained by SCCOE would provide expert testimony on her behalf as well. But this explanation does not amount to a justification for Carlson's Rule 26(a) violation, let alone constitute the type of justification that can be considered substantial. Carlson is represented by separate counsel, and there can be no doubt she was aware of both her independent Rule 26(a) obligations and the deadline for the exchange of expert disclosures because her attorney participated in the preparation of the Interim Joint Trial Setting Conference Statement that contained the parties' request for an adjustment of the disclosure deadlines, which request the

4
Case No.: 5:15-cv-01512-EJD
ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' RETAINED EXPERTS

court ultimately adopted. Dkt. Nos. 61, 62. As such, a reasonable person could not conclude that Carlson was somehow relieved of her separate disclosure requirements merely because she intended to rely on the disclosures of other defendants. Indeed, if Carlson sought benefit of not retaining her own experts by relying on those retained by SCCOE, and apparently did not confirm before the deadline that SCCOE would timely satisfy all of its disclosure obligations, Carlson must in turn share in any consequences resulting from her choices.

Nor have Defendants convincingly shown that their conduct was harmless or lacking in willfulness. SCCOE represents it was not seeking a litigation advantage, but that its counsel "made significant efforts to find a retain liability and damages experts" and was unable to retain any experts until August 15, 2016. The declaration submitted in support of this representation, however, merely echoes the argument made in the opposition; missing is any statement detailing what particular efforts were made, including when counsel started contacting experts, who was contacted and when, and why those individuals could not be retained by SCCOE. This showing is simply not enough to prevent a willfulness finding.

Moreover, SCCOE's nebulous explanation rings hollow when examined in conjunction with the record of this case. The original opening expert disclosure deadline - scheduled in April, 2016 - was July 20, 2016, and was extended twice, first to August 8, 2016, and then again to August 22, 2016. Thus, if they did not already know of the need to retain experts when they responded to the allegations in the Complaint, Defendants at least knew four months prior to the original deadline they would need to start searching to allow for the preparation of reports, yet they failed to comply with an extended deadline they joined in imposing, and failed to request an additional extension based on any challenges they were facing in meeting the extended deadline. Instead, Defendants led Plaintiffs to believe that timely compliance was forthcoming throughout several communications between counsel before the agreed-upon exchange, and said nothing about the shortcomings of their disclosure until Plaintiffs asked about them.

Other than a general inability, Defendants cite to no specific obstacle that prevented them

5

Case No.: 5:15-cv-01512-EJD
ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' RETAINED EXPERTS

from satisfying their disclosure obligations.  Thus, although they claim to not have acted willfully or in bad faith based on accommodations offered to Plaintiffs after the fact, the court must nonetheless observe that "'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." Henry v. Gill Industries, 983 F.2d 943, 948 (9th Cir. 1993) (quoting Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985)).

As to the issue of prejudice, Plaintiffs indicate their experts were afforded less time to prepare reports than those of Defendants, and that they were unable to designate rebuttal experts because that deadline has also expired.  The court agrees that these are legitimate forms of prejudice.  See Wong v. Regents of the Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005). And Defendants cannot just blithely offer a schedule modification and expect Plaintiffs to accept it as a way to alleviate the problem they created and the prejudice they inflicted.  "A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court." Tessera, Inc. v. Sony Corp., No. 5:11-cv-04399 EJD, 2013 U.S. Dist. LEXIS 2311, at *9, 2013 WL 97794 (N.D. Cal. Jan. 7, 2013).  Though the court has considered whether adjusting the case schedule is appropriate in conjunction with some form of lesser sanctions, it has concluded that no such modification should be made.[3]

In the end, Defendants have not overcome the automatic effect of Rule 37(c)(1) by showing their violation of Rule 26(a) was substantially justified or harmless.  This motion will therefore be granted.

**IV.   ORDER**

Based on the foregoing, Plaintiffs' motion in limine to exclude Defendants' retained experts Richard Rubenstein, M.D. and Mary Bevernick (Dkt. No.  ) is GRANTED.

---

[3] The analysis under Federal Rule of Civil Procedure 16 that would apply to a change of the case schedule, which focuses on the diligence of the party needing the change, also does not favor Defendants.  See Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

1   Defendants are precluded from presenting any testimony or other evidence at trial from
2   Rubenstein or Bevernick.

4   **IT IS SO ORDERED.**

5   Dated: October 12, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-01512-EJD
ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' RETAINED EXPERTS